**SPECHT, ESTATE OF, In Re**

Ohio Appeals, 1st Dist, Butler Co

No 801.  Decided May 1, 1941

L. J. Ziliox, Hamilton, for appellants.
G. C. McCandless, Hamilton, and Walter S. Harlan, Hamilton, for appellee.

**OPINION**

By MATTHEWS, PJ.

This is an appeal from an order of the Probate Court of Butler County, overruling exceptions to the inventory of the decedent's estate filed by the administrator.

The decedent, who died in April, 1939, and his wife, who died in 1935, were co-owners of a farm of 160 acres. It seems that the wife owned the personal property located on the farm.  By her

will, she devised and bequeathed all her property of every description to her husband for life, and, after his death, to their son William, who is the administrator of his father's estate.

William Specht, the son, was residing on the farm at the time of his father's death and has continued to do so since under a rental agreement with the other heirs.

The inventory was not filed for more than a year after decedent's death, and, by these exceptions, it is claimed that certain property located on the farm was omitted.

The dispute seems to have arisen because of a disagreement as to the rights of William Specht under his mother's will. It seems to have been his opinion that upon his father's death, he took all the personal property located on the farm by virtue of the provision in his mother's will, giving to him all her property after his father's death, without regard to whether it had been owned by his mother.

That the estate of the life-tenant and not the remainderman is entitled to the produce from the farm during the life of such tenant remaining upon his death, and to the then growing crops is well settled. 17 R. C. L. 634.

The rule as to the offspring of live stock is equally well settled. In 2 Am. Juris., 704, 705, it is said:

"Where one is the owner of a limited estate, as for life, or during widowhood, in live stock, it may be stated as a general proposition that such person, and not the remainderman, is entitled absolutely to the increase thereof during the continuance of the particular estate, although this general rule does not apply where a contrary intent is manifested by the creator of the life estate. The general rule is based on the ground that, as the right of the owner to the particular estate is un-

limited during its continuance, the profits arising from it during that time belong to him as an incident to his ownership of the porperty out of which the issue comes, and he can hold it against those entitled after the termination of his estate. Another reason sometimes given is that the tenant for life is entitled to the increment made during the course of the tenancy as a compensation for the trouble and expense of taking care of the original stock."

There is evidence, which is not entirely clear, and is disputed, of an agreement between William Specht and the other heirs under which he agreed to pay the debts in consideration of receiving all the personal property. Whether such contract was made, we do not decide. In any event, it could not operate to dispense with the absolute duty imposed upon the administrator by §10509-41 GC, to make and return a true inventory of all the property of the decedent which has come to his possession or knowledge.

Applying these rules to the evidence, the court finds that the following items of personal property belonged to the decedent and should have been included in the inventory:

8 bushels of clover seed;

21 bushels of timothy seed;

189 bushels of wheat.

The crop of wheat and any other annual crop that was growing at the time of decedent's death;

Six pig houses;

72 pigs;

2 bulls;

2 boars;

2 colts.

For these reasons and to this extent the exceptions to the inventory should have been sustained. The order of the Probate Court overruling the exceptions is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

ROSS & HAMILTON, JJ., concur.